## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **JEREMY GREEN, #67962** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26cv589** |
| | § | |
| **QUIENCY SMITH BRANNAN** | § | |

### MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Jeremy Green filed a civil rights action pursuant to 42 U.S.C. § 1983. The action was assigned to the undersigned United States Magistrate Judge in accordance with the Standing Order Assigning Prisoner Civil Rights Cases Filed in the Sherman Division to a Magistrate Judge. (Dkt. ##2, 3). Plaintiff consented to have a magistrate judge conduct all proceedings. (Dkt. ##5, 6).

On July 7, 2026, the court ordered Plaintiff, within fourteen days from receipt of the Order, to either pay the $405.00 filing fee or submit a certified *in forma pauperis* data sheet. (Dkt. #9). A copy of that Order was mailed to Plaintiff on the date of entry and is presumed to have been delivered. *See Faciane v. Sun Life Assurance Co. of Can.*, 931 F.3d 412, 420–21 (5th Cir. 2019) (explaining that properly placing a letter in the United States mail creates a presumption that the letter reached its destination in the usual time and was received by the person to whom it was addressed). As of this date, Plaintiff has failed to comply with the Order (Dkt. #9); thus, he has failed to prosecute his case.

The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court; appellate review is only for abuse of that discretion. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. ISD*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant,

1

but it may also dismiss an action sua sponte when necessary to achieve the orderly and expeditious disposition of a case. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962); *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b). In this case, Plaintiff has failed to comply with the court's Order (Dkt. #9). Therefore, the case will be dismissed for failure to prosecute. Fed. R. Civ. P. 41(b).

It is accordingly **ORDERED** that the case is **DISMISSED** without prejudice. Fed. R. Civ. P. 41(b). Any pending motions are **DENIED** as moot.

**SIGNED this 31st day of July, 2026.**

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE

2